IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02657-KAS

TYLER HIMELSTIEB,

    Plaintiff,

v.

STEPHANIE DALTON, Health Services Administrator, Centennial Correctional Facility,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Motion for Summary Judgment** [#98] (the "Motion").[1] Plaintiff Tyler Himelstieb, who is proceeding as a pro se litigant,[2] filed a Response [#106] in opposition to the Motion [#98], and Defendant Stephanie Dalton filed a Reply [#109]. The Court has reviewed the briefs, the entire case file, and the applicable law.[3] For the reasons set forth below, the Motion [#98] is **GRANTED**.

---

[1] "[#98]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (*citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See Consents* [#12, #19, #20]; *Order of Reference* [#21]; *Reassigning Magistrate Judge* [#111].

## I. Background

**A.     Procedural History**

Plaintiff filed this 42 U.S.C. § 1983 action on August 31, 2020. *Compl.* [#1]. In the operative Amended Complaint [#6], Plaintiff alleges that on December 8, 2019, while he was incarcerated at Centennial Correctional Facility ("CCF"), a filling fell out of his tooth and his requests for emergency medical treatment were delayed or ignored for more than a month—until January 27, 2020. *Am. Compl.* [#6] at 5-11, ¶¶ 1-15. He asserts that Defendant, who is the Health Services Administrator for CCF, violated his rights under the Eighth and Fourteenth Amendments and corresponding Colorado state constitutional provisions and failed to follow state correctional policies and procedures. *Id.* at 4. Plaintiff sued Defendant in her individual capacity only. *Id.* at 2. Defendant now moves for summary judgment on multiple grounds, including that she was on family medical leave during the entire relevant period. *Motion* [#98].[4]

**B.     Undisputed Material Facts**

The Court finds the following undisputed material facts: On December 8, 2019, Plaintiff's filling fell out of his tooth. *Depo. of Pl.* [#98-1] at 9:16-23. He submitted a "medical kite" to the dentist on the same day. *Id.* A "kite" is a way for an inmate to communicate a request to Department of Corrections staff. *Id.* at 11:14-23. Plaintiff received a response, and his kite was noted as received on December 9, 2019. *Id.* at 13:12-14:5. Dr. Thalken declared, under oath and based on personal knowledge, that

---

[4] Plaintiff also brought claims against Dr. Cook ("Cook"), a dentist at CCF, arising from the same alleged delay in receiving dental care *Am. Compl.* [#6] at 4, 5-11. However, Dr. Cook is no longer a party to this case because Plaintiff was unable to effectuate service on him. *See Order* [#75].

CCF dental staff received numerous requests for dental care each day and would generally put inmates in a queue in the order their requests were received. *Decl. of Thalken* [#98-2] ¶¶ 6, 3. Tina Cullyford, interim Chief of Clinical Operations for the Colorado Department of Corrections ("CDOC"), declared under oath and based on personal knowledge, that in addition to submitting a "kite", an inmate can declare a medical emergency at any time. *Decl. of Cullyford* [#98-4] ¶¶ 2-3; *Offender Handbook* [#98-5] at 2 (describing kite process); *Administrative Regulation ("AR") 700-02* [#98-6] at 2 (describing the emergency care and assessment that each facility must provide). Plaintiff was aware of this medical emergency procedure because he had previously used it. *Depo. of Pl.* [#98-1] at 32:19-21. Yet he did not consider requesting a medical emergency on December 8, 2019. *Id.* at 29:25-30:7.

On December 26, 2019, Mr. Himelsteib submitted a second kite because he was still in pain and had not been treated. *Id.* at 14:16-15:4. This kite was rejected with the response "only one kite for the same problem." *Id.* He did not consider declaring a medical emergency on that December 26, 2019. *Id.* at 31:5-11. While Plaintiff considered declaring a medical emergency every day between December 26, 2019, and January 24, 2020, he did not do so. *Id.* at 31:22-32:7. Finally, on January 24, 2020, he declared a medical emergency and was seen the same day by a nurse. *Id.* at 19:21-24 (discussing a record dated January 24, 2020); 20:18-23. He was given pain relievers and instructed to avoid hot/cold liquids and chew on the opposite side of his mouth. *Id.* at 22:21-23:9.

Dental staff at CCF do not normally work over the weekend, and January 24, 2020, was a Friday. *Decl. of Thalken* [#98-2] ¶ 5. On the next business day, January 27, 2020,

3

Dr. Thalken was notified of Plaintiff's medical emergency. *Id.* ¶ 6. This was the first time Dr. Thalken became aware of Plaintiff's request for dental care and he did not make any decisions related to whether Plaintiff would receive dental care prior to that date. *Id.* On the morning of January 27, 2020, Dr. Thalken saw Plaintiff for the lost filling and extracted the tooth with Plaintiff's consent. *Condensed Health Services Encounter* [#98-3]. Plaintiff believes he received adequate dental care and that Dr. Thalken performed the procedure correctly—his only complaint is that it took too long to occur. *Dep. of Himelsteib* [#98-1] at 36:10-22. Following the January 27, 2020, extraction, Plaintiff's pain diminished "drastically" and he felt fully healed within a week and a half. *Id.* at 26:24-27:16. Plaintiff has had no pain since. *Id.* at 27:20-21.

Defendant was CCF's Health Services Administrator during all relevant events. *Decl. of Def.* [#98-7] ¶ 2. However, Defendant was on family medical leave from November 2019[5] through January 29, 2020. *Id.* ¶ 3; *FMLA Approval Letter* [#98-8] at 1. She did not work at all during her family medical leave and was unaware that Plaintiff had requested dental care on December 8, 2019, or that he had declared a medical emergency on January 24, 2020. *Decl. of Def.* [#98-7] ¶ 4. Defendant did not have any conversations, either written or verbal, with CCF staff about Plaintiff's kites or his declared

---

[5] The Court notes a minor discrepancy as to when Defendant's claimed leave period began. Defendant declares that she was "on Family Medical Leave ("FML") from *November 19*, 2019 through January 29, 2020", but her attached leave approval letter mentions "continuous leave beginning *11/27/2019* – 12/19/2019 *extended to 01/29/2020*". *Decl. of Def.* [#98-7] ¶ 3 (emphasis added); *FMLA Approval Letter* [#98-8] at 1 (emphasis added). This discrepancy does not affect the Court's analysis because regardless of whether her leave began on November 19, 2019, or November 27, 2019, it is undisputed that she was on family medical leave during the entire period relevant to Plaintiff's claim. *See Response* [#106] at 1 ("I have also learned that Defendant was on paid family leave during the time of the incident").

medical emergency, and she did not make any decisions relating to that care. *Id.* ¶ 5. Finally, she did not have any conversations, either written or verbal, with Plaintiff about his kite or his declared medical emergency. *Id.* ¶ 6; *Depo. of Pl.* [#98-1] at 47:20-22.

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 256 (1986). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler*, 144 F.3d at 671.

Finally, "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. In such a situation there can be no genuine issue as to any material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-323.

### III. Analysis

Defendant argues that she is entitled to summary judgment because she was on medical leave during all relevant times and thus did not participate in any decision related to Plaintiff's dental care. *Motion* [#98] at 8. Plaintiff filed an "Answer to Motion for Summary Judgment" [#106] ("Response") which acknowledged Defendant's assertion that she was on family medical leave during the time of the incident and wrote that he did not oppose summary judgment "as long as all of Defendant's claims are true, and the court deems those documents official." *Id.*[6]

**A.    Rule 56(c) and the Court's Civil Practice Standards**

As an initial matter, Plaintiff's Response [#106] did not comply with Fed. R. Civ. 56(c) or the Court's Civil Motions Practice Standards [#82]. Plaintiff asked the Court to decide whether "all of Defendant's claims are true" and whether the exhibits Defendant attached to her Motion for Summary Judgment [#98] are "official," but he neither admitted nor denied the facts in Movant's Statement of Material Facts, as Section III.B. of the Civil Practice Standards requires. *Response* [#106]; *cf. Practice Standards* [#82][7] at 2-3. And

---

[6] Plaintiff also expressed a desire to proceed with a case against dentist Gerald Thalken, but the Court has denied his motion for leave to amend on the basis of undue delay and untimeliness without adequate explanation. *Response* [#106] at 1; *Order* [#112] at 13.

[7] These were the operative Practice Standards during the briefing of Defendant's Motion [#98].

he failed to cite any portion of the record or any exhibit. *Response* [#106].

To the extent the Court construes Plaintiff's Response [#106] as challenging Defendant's claim she was on family leave during all relevant events, the Response [#106] was insufficient under Rule 56(c) and the Court's practice standards. Fed. R. Civ. P. 56(c) (requiring a party asserting that a fact is genuinely disputed "must support the assertion" through citation or pointing out absence in the cited materials); *Brown Mackie Coll. v. Graham*, 981 F.2d 1149, 1151 (10th Cir. 1992) (rejecting "the proposition that the nonmoving party disputing a material fact is sufficient to overcome summary judgment"); *Practice Standards* [#82] at 3 (requiring nonmoving party to provide "a brief factual explanation of the reason(s) for the denial and a specific reference to admissible evidence in the record supporting the denial."). The Tenth Circuit has repeatedly insisted that pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (collecting cases).

**B.     Fed. R. Civ. P. 56(e)**

Plaintiff has not disputed any of Defendant's proffered facts by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute, or that [Defendant] cannot produce admissible evidence to support the fact" that she was on family medical leave during all relevant events. Fed. R. Civ. P. 56(c)(1). Because of this, Rule 56(e) allows the Court to "consider the fact[s] undisputed for purposes of the motion" and to "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e); *Beard v. Banks*, 548 U.S. 521, 527

(2006) ("[B]y failing specifically to challenge the facts identified in the defendant's statement of undisputed facts, [the plaintiff] is deemed to have admitted the validity of the facts[.]").

The Court notes that on the record here, Rule 56(e) provides sufficient basis for summary judgment in favor of Defendant based on Plaintiff's failure to comply with Rule 56(c) and the Court's Practice Standards [#82], because Defendant has shown she is entitled to summary judgment. Fed. R. Civ. P. 56(e)(3). However, the Court is cognizant that "in granting summary judgment based on a failure to respond, a district court must still determine that summary judgment is appropriate." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1254-55 (10th Cir. 2017) (citing Fed. R. Civ. P. 56(e)(3) advisory committee's notes to 2010 amendment). Thus, the Court proceeds to consider the Motion on the merits, based on the factual record discussed above. *See* Fed. R. Civ. P. 56(e)(4) advisory committee notes to 2010 amendment ("the court may seek to reassure itself by some examination of the record before granting summary judgment against a pro se litigant").

**C.    Personal Involvement**

Defendant argues that she cannot be liable for violating Plaintiff's Eighth Amendment rights because (due to being on family medical leave) she did not personally participate in any decision related to Plaintiff's dental care. *Motion* [#98] at 8.

Under 42 U.S.C. § 1983, Defendant "could incur personal liability only if [she] participated in the alleged constitutional violation." *Fellon v. Lampert*, 638 F. App'x 694, 696-97 (10th Cir. 2016) (citing *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008); *see also Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) ("a § 1983 claim

'requires personal involvement in the alleged constitutional violation.'") (quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)). Plaintiff acknowledges that "a defendant may not be held liable merely because of his or her supervisory position." *Response* [#106] at 1; *see also McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983) ("a defendant cannot be liable under a *respondeat superior* theory in a section 1983 case.") (citing *McClelland v. Facteau*, 610 F.2d 693 (10th Cir. 1979)). Plaintiff acknowledges that "as long as all of Defendant's claims are true, and the court deems those documents official, I want to let the court know that I do not oppose a ruling of summary judgment." *Response* [#106] at 1.

To address Plaintiff's concern about whether the documents are "official," the Court is satisfied that the documents attached to Defendant's Motion for Summary Judgment [#98] are competent summary judgment evidence. *See* Fed. R. Civ. P. 56(c)(1)-(4) (summary judgment evidence may include depositions, declarations, or affidavits, provided any such affidavits or declarations are made on personal knowledge, set out facts that would be admissible into evidence, and demonstrate competence to testify on the matters discussed). Here, the exhibits include Plaintiff's deposition [#98-1], along with sworn declarations from Dr. Thalken [#98-2]; Tina Cullyford [#98-4]; and Defendant [#98-7]. The three declarants each declared under the penalty of perjury to personal knowledge. *Decl. of Thalken* [#98-2] ¶¶ 1, 6; *Decl. of Cullyford* [#98-4] ¶¶ 1, 3; *Decl. of Def.* [#98-7] ¶¶ 1, 6. Dr. Thalken authenticated the Condensed Health Servs. Encounter [#98-3]. *Decl. of Thalken* [#98-2] ¶ 6. Ms. Cullyford authenticated the Offender Handbook [#98-5] and Regulation Number 700-02 [#98-6]. *Decl. of Cullyford* [#98-4] ¶ 3. Defendant

authenticated FMLA Approval Letter [#98-8]. *Decl. of Def.* [#98-7] ¶ 3. The Court considered each of these exhibits to the extent they are cited in its discussion of Material Facts. *See supra* § I.B.

Defendant is correct that a claim against her in her individual capacity cannot succeed without Plaintiff showing that she was personally involved in the alleged constitutional violation. *See, e.g.*, *Gallagher*, 587 F.3d at 1069. Plaintiff acknowledges that he cannot show that Defendant was personally involved, and the Court finds no contrary evidence in the record. *Response* [#106] at 1. Defendant's declaration and her FMLA Approval Letter confirm that she was on leave during the entire relevant period and was not making any work-related decisions. *See generally Decl. of Def.* [#98-7]; *FMLA Approval Letter* [#98-8]. She was not and could not have been personally involved in delaying Plaintiff's dental care. *Decl. of Def.* [#98-7] ¶ 3-6.

To prevail at trial, Plaintiff would bear the burden of proving Defendant's personal involvement in his alleged constitutional violation, but he has failed to make any showing that she was personally involved in any decision relating to his dental healthcare. *Stewart*, 587 F.3d at 1069. Plaintiff's failure of proof concerning this essential element of his claim renders all other facts immaterial, so there is no genuine dispute of material fact which would preclude summary judgment. *Celotex Corp.*, 477 U.S. at 323. Defendant is thus entitled to judgment as a matter of law because Plaintiff has failed to make a sufficient showing on an essential element of his case on which he bears the burden of proof. *Id.* Accordingly, the Court **grants** summary judgment in favor of Defendant.

### IV. Conclusion

10

Based on the foregoing,

IT IS **ORDERED** that the Motion [#98] is **GRANTED**, and that judgment shall enter in favor of Defendant on all claims. The Clerk of Court is directed to **CLOSE** this case after entry of judgment.

Dated:   March 20, 2024

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge